**Opinion issued April 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00363-CR & 01-13-00364-CR

_____

**FRANCISCO ANTONIO LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1204885 & 1204886**

---

## MEMORANDUM OPINION

Appellant, Francisco Antonio Lopez, pleaded guilty to the first-degree

felony offense of aggravated sexual assault of a child and the second-degree felony

offense of indecency with a child.[1]  Following a presentence investigation hearing, the trial court deferred adjudication of guilt and placed appellant on community supervision for eight years.  After two motions to adjudicate, which resulted in the assessment of sixty days' jail therapy and modifications to appellant's community service hours, the State moved to adjudicate guilt for the third time.  The State alleged that appellant had committed at least twelve distinct violations of the terms and conditions of his community supervision.  Appellant pleaded true to the allegations that he had failed to attend at least eleven sex offender treatment classes, to be successfully discharged from the sex offender treatment program, and to pay court costs.  Following a hearing on the motion to adjudicate, the trial court revoked appellant's community supervision and assessed punishment at twenty years' confinement for each offense, to run concurrently.[2]  In one issue, appellant contends that he was denied effective assistance of counsel.

We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2013) (aggravated sexual assault of a child); *id.* § 21.11 (Vernon 2011) (indecency with a child).

[2] The charge for indecency with a child was assigned trial court cause number 1204885 and resulted in appeal number 01-13-00363-CR.  The charge for aggravated sexual assault of a child was assigned trial court cause number 1204886 and resulted in appeal number 01-13-00364-CR.

2

## Background

Appellant was charged with indecency with a child by sexual contact and aggravated sexual assault of a child, his nephew. He pleaded guilty to both charges on June 8, 2010. Following the presentence investigation, the trial court placed appellant on deferred adjudication community supervision for eight years in both counts, to run concurrently.

The trial court warned appellant that offenders were held to strict compliance with the terms of their community supervision, expressed its concern that appellant could not comply with the restrictions of community supervision, and offered him the minimum prison sentences for his crimes, which appellant refused. Subsequently, appellant violated the conditions of his probation by failing to attend his sex offender treatment classes and by failing to comply with his community service requirements. The State moved to revoke his community supervision, and, on August 26, 2011, the trial court ordered sixty days' confinement in the Harris County Jail as an additional condition of appellant's community supervision.

In the following six months, appellant missed five more sex offender treatment classes and was unsuccessfully discharged from the treatment program. Appellant also failed to complete the required number of community service hours, and he failed to pay several required fees related to his community supervision.

Again, the State moved to revoke appellant's community supervision. At the next adjudication hearing, the trial court again emphasized that sex offender treatment compliance "takes priority over anything else" and reduced appellant's community service obligation to sixty hours.

However, appellant again violated the terms and conditions of his community supervision by failing to pay court costs. The State moved to adjudicate appellant's guilt for the third time on December 18, 2012, alleging multiple grounds for granting its motion to adjudicate, including, among others, the failure to pay court costs and failure to attend sex offender treatment as ordered. On April 11, 2013, appellant attended an adjudication hearing with appointed counsel, Thomas Lewis. Appellant pleaded true to failure to pay court costs, failure to participate in sex offender treatment on eleven different occasions, and failure to be successfully discharged from sex offender treatment.

At the hearing, appellant had an opportunity to explain why he repeatedly violated the terms of his community supervision. He stated that he had "transportation problems" and that he was only educated through the ninth grade. Lewis inquired further about each issue, and appellant replied that his transportation problems were due to "missing the Metro" and that he had dropped out of school because his family had health issues. Lewis did not address either of

4

these two issues again, either with appellant or with his brother or father, who testified later in the hearing.

The trial court revoked appellant's community supervision and assessed his punishment at twenty years' confinement for each offense, with the sentences to run concurrently. Appellant filed a notice of appeal without moving for a new trial.

## Ineffective Assistance of Counsel

In his sole issue, appellant argues that he received ineffective assistance of counsel because during the adjudication hearing, Lewis presented only limited mitigation evidence as to reasons why he violated the conditions of his community supervision.

### A. Standard of Review

An appellant must first show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The second prong of *Strickland* requires an appellant to demonstrate prejudice—a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to

undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. An appellant must prove ineffectiveness by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and, therefore, the appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Our review is highly deferential to counsel, and we do not speculate regarding counsel's trial strategy. *See Bone v. State*, 77 S.W.3d 828, 833, (Tex. Crim. App. 2002). To prevail, the appellant must provide an appellate record that affirmatively demonstrates that counsel's performance was not based on sound strategy. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Thompson*, 9 S.W.3d at 813 (holding that record must affirmatively demonstrate alleged ineffectiveness).

In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Mallet*, 65 S.W.3d at 63; *see also Massaro v. United States*, 538 U.S. 500, 504–05, 123 S. Ct. 1690, 1694 (2003) ("If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by

6

counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. The trial record may contain no evidence of alleged errors of omission, much less the reason underlying them."). Because the reasonableness of trial counsel's choices often involves facts that do not appear in the appellate record, the Court of Criminal Appeals has stated that trial counsel should ordinarily be given an opportunity to explain his actions before a court reviews that record and concludes that counsel was ineffective. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Bone*, 77 S.W.3d at 836; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

**B.     Counsel's Failure to Present Adequate Mitigation Evidence**

Here, appellant failed to provide a record regarding Lewis's trial strategy and instead relies upon the transcript of his adjudication hearing, during which he alleges that Lewis conducted an examination that did not expound upon two possible excuses for his violations. Thus, appellant is essentially arguing that Lewis was ineffective because he did not present adequate mitigating evidence. However, the record demonstrates that appellant testified regarding these issues at the hearing. On appeal, he has failed to identify any specific, additional mitigation evidence that should have been admitted. *See Bone*, 77 S.W.3d at 836 (holding that claim of ineffective assistance of counsel must address specific acts or omissions); *see also Wong v. Belmontes*, 558 U.S. 15, 22–23, 130 S. Ct. 383, 387–

7

88 (2009) (holding that cumulative mitigation evidence is unnecessary). He has likewise failed to provide a record giving any detail about his counsel's investigation.

Furthermore, Lewis did not testify or provide an affidavit, and the record contains no evidence regarding the nature of his investigation into appellant's case or his trial strategy. *See Rylander*, 101 S.W.3d at 110–11. There is a strong presumption that Lewis's decisions regarding the admission or omission of evidence were made for tactical reasons rather than through sheer neglect. *See Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 5 (2003); *Strickland*, 466 U.S. at 689–90, 104 S. Ct. at 2065–66. Without more than the arguments made here by appellant, we cannot determine whether Lewis acted in accordance with a reasonable strategy. *See Rylander*, 101 S.W.3d at 110–11; *Bone*, 77 S.W.3d at 835–36; *see also Massaro*, 538 U.S. at 504–05, 123 S. Ct. at 1694 (holding that record on direct appeal typically does not contain evidence relevant to establish either prong of *Strickland*).

Appellant has failed to establish that Lewis's alleged failure to introduce additional mitigation evidence fell below an objective standard of reasonableness. *See Robertson*, 187 S.W.3d at 483; *Bone*, 77 S.W.3d at 836. Thus, he has failed to establish that he received ineffective assistance of counsel. *See Tong v. State*, 25

S.W.3d 707, 712 (Tex. Crim. App. 2000) (holding that appellant must satisfy both prongs of *Strickland* to prevail on ineffective assistance claim).

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).